IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-64,759-05, 64,759-06 & 64,759-07






EX PARTE DYLAN LERONE PERRY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. C-2-007948-0766869-B, C-2-007949-0766870-B 

& C-2007950-0766872-B IN CRIMINAL DISTRICT COURT #2

FROM TARRANT COUNTY






Per curiam.


O R D E R


 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three
charges of delivery of a controlled substance and sentenced to three terms of fifteen years'
imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because counsel 
failed to file a motion to suppress Applicant's statement, failed to file a motion for discovery, failed
to fully investigate the case, and failed to provide adequate legal assistance. Applicant also alleges
that he was coerced and compelled to plead guilty, resulting in involuntary guilty pleas.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief. Additionally, the
trial court shall forward any records regarding Applicant's guilty pleas and the admonishments given
prior to the acceptance of the pleas.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 7, 2007

Do not publish